UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALBERT N. HEICHBERGER,

        Plaintiff,

vs.                                      Case No. 3:19-cv-287-J-34JRK

MS. TRACY BAERMAN, Facility Manager
and ATLANTIC SELF STORAGE,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

### I. Status

This cause is before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 2), filed March 12, 2019, that the Court construes as a Motion to Proceed In Forma Pauperis ("Motion"). Upon review of the file, the undersigned recommends that the case be dismissed for frivolity and lack of subject matter jurisdiction.

Plaintiff initiated this action pro se on March 12, 2019 by filing a Complaint and Request for Injunction (Doc. No. 1; "Complaint"). On March 14, 2019, the undersigned entered an Order (Doc. No. 3; "Order"), taking the Motion under advisement. Observing that the Complaint appeared subject to dismissal for failure to state a claim upon which relief may

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

be granted, the undersigned directed Plaintiff to file an Amended Complaint by April 15, 2019; alternatively, Plaintiff was directed to pay the filing fee by April 15, 2019. See Order at 1, 6. On March 27, 2019, Plaintiff filed an Amended Complaint. See Amended Complaint, Request for Injunction and Jury Trial Demanded (Doc. No. 5; "Amended Complaint"). Plaintiff, however, has failed to cure the deficiencies initially identified in the Order. See Order at 4.

## II. Legal Standard

A court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915. The Court's decision to grant in forma pauperis status is discretionary. See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983); Lane v. Fort Walton Beach Hous. Auth., 518 F. App'x 904, 915 n.11 (11th Cir. 2013) (citation omitted). While a litigant need not show he is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004); see also Lane, 518 F. App'x at 915 (citation omitted).

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "In addition, a district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." Jackson v. Farmers Ins.

Group/Fire Ins. Exch., 391 F. App'x 854, 856 (11th Cir. 2010) (unpublished) (citations omitted).

With respect to frivolity, the United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint filed in forma pauperis that fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), is not automatically frivolous. Id. at 328. Instead, a court will dismiss a claim based on frivolity pursuant to § 1915 when the claim lacks arguable merit in either law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). Accordingly, § 1915 requires dismissal when: (1) the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; (2) the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992); or (3) when it appears that the plaintiff has little or no chance of success, Bilal, 251 F.3d at 1349 (citation omitted).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba, 517 F.3d at 1252 (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id.

(quotation and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Before being able to render a decision on the merits of any case, a court must have subject matter jurisdiction. See generally Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005). Federal courts derive subject matter jurisdiction either through 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity). See Exxon Mobil Corp., 545 U.S. at 552. Federal question jurisdiction is invoked when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (alteration in original) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Diversity jurisdiction requires complete diversity of citizenship between all the parties, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332; Exxon Mobil Corp., 545 U.S. at 552; Moreno v. Breitburn Fla., LLC, No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011) (unpublished) (citing Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000)). Plaintiff bears the burden of establishing that diversity jurisdiction exists. Moreno, 2011 WL 2293124, at *1. A natural person's citizenship is determined by the person's domicile, which is "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). "'[A] corporation shall be deemed to be a citizen of any State

by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 130 S. Ct. 1181, 1185 (2010) (quoting 28 U.S.C. § 1332(c)(1)).

"[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

### III. Discussion

Here, although it appears Plaintiff may be financially unable to pay the filing fee, see Motion at 1-5, a review of the Amended Complaint reveals that the case is due to be dismissed for frivolity and lack of subject matter jurisdiction.

Plaintiff brings this action against Atlantic Self Storage, LLC ("ASS") and its facility manager, Tracy Baerman.[2] Amended Complaint at 1-2. Plaintiff asserts the Court has subject matter jurisdiction because the case involves a federal question (28 U.S.C. § 1331), and he lists the U.S. Economic Espionage Act of 1996 ("EEA"), 18 U.S.C. §§ 1831-39, as the federal statute at issue. See id. at 2. Plaintiff is also apparently bringing a breach-of-contract claim against Defendants. See id. at 5.

The EEA allows "[a]n owner of a trade secret that is misappropriated [to] bring a civil action under [the EEA] if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). In a civil action

---

[2] Plaintiff spelled Ms. Baerman's first name differently in the Complaint. The undersigned uses the spelling in the Amended Complaint.

brought under [18 U.S.C. § 1836(b)] with respect to the misappropriation of a trade secret," a court may grant an injunction or award damages "for actual loss caused by the misappropriation of the trade secret" and "for any unjust enrichment caused by the misappropriation." 18 U.S.C. § 1836(b)(3)(A)-(B).

Plaintiff alleges he entered into rental agreements with Defendant ASS for storage units. See generally Amended Complaint at 4-5. Plaintiff apparently stored trade secrets in the units. See generally id. Plaintiff alleges Ms. Baerman breached two rental agreements because she "charged monthly rental payments, which were incorrect[ and] random . . . ." Id. at 5. He claims Ms. Baerman "was intoxicated on alcohol or drugs." Id. at 4. He requests that the Court "order a hair . . . drug test for [Ms.] Baerman . . . ." Id. Plaintiff alleges that "[t]his breach of contract was done to force the Heichbergers into an unpaid rent status, which caused a 'Notice of Lien Sale[.]'" Id. at 5. According to Plaintiff, "this allowed [Ms.] Baerman to demand sale of the Storage Units containing the 'Trade Secrets' . . . to a buyer (believed to be the FBI-JAX)." Id. Plaintiff asserts he "has been informed that a Congressional Investigation is in progress for this and other related matters." Id. at 3. As relief, Plaintiff seeks $150,000.00, id. at 7, although he initially claims that the amount in controversy is $15,269,750,000.00, id. at 3.

Plaintiff's claims about the allegedly stolen trade secrets are due to be dismissed for frivolity. The claims rely on factual allegations that are "clearly baseless" because they seem to be "fanciful," "fantastic," and "delusional." Denton, 504 U.S. at 33 (quoting Nietzke, 490 U.S. at 327-28). The breach-of-contract claims are subject to dismissal for lack of subject matter jurisdiction because they do not arise under federal law, see 28 U.S.C. § 1331, and all parties appear to be citizens of Florida, see 28 U.S.C. § 1332.

### IV. Conclusion

Overall, construing pro se Plaintiff's claims and allegations liberally, the undersigned finds Plaintiff's claims are due to be dismissed for frivolity and lack of subject matter jurisdiction. Accordingly, it is

**RECOMMENDED THAT**:

1. The Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 2), construed as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2. This case be **DISMISSED without prejudice**.

3. The Clerk be directed to terminate any pending motions and to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on April 8, 2019.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Pro Se Party